ranting the allegations of overt acts contained in this indictment, the defendants are amenable to indictments and prosecution for actually consummated misdemeanors, and possibly felonies. Under such indictments, the conspiracy can be proven with the same effect as if it constituted the gist of the charge. People v. McKane, 143 N. Y. 455, 38 N. E. 950. The object to be served in selecting the original conspiracy for prosecution rather than the executed offenses which resulted from it is not apparent. In order, however, that this decision may not in any respect interfere with the official policy of the district attorney, and it being apparent that the objection on which the demurrer is allowed may be avoided in a new indictment, I direct the case to be submitted to another grand jury. Ordered accordingly.

---

### ATWOOD v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. November 10, 1898.)

CARRIERS—INJURY TO PASSENGER'S CLOTHES.

A passenger tore her dress in the door latch of a street car, and sued the company. She and her sister testified the catch was a sort of hook, and sharp as a knife, and was worn smooth and bright at the edge. The company's employés testified that it was a new car; that the catch was the same as used on their other cars; and that there was nothing wrong with it, but it was in good order, and they knew of no better appliance for its purpose; also, that each car of the company carried 500 to 600 passengers per day, and no such accident had ever happened before. *Held*, that she could not recover.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Mary E. Atwood against the Metropolitan Street-Railway Company. There was a judgment for defendant, and plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Julius M. Mayer, for appellant.

John T. Little, Jr., for respondent.

PER CURIAM. The plaintiff was a passenger upon one of the defendant's cars, and, while she was passing from the platform to the interior of the car, her dress caught in the door latch, and was injured. She has accordingly brought this action to recover damages for the injury so suffered, alleging that it was caused by the defendant's negligence. The trial was had before the judge, without a jury; and, upon the close of the entire case, he dismissed the complaint, on the defendant's motion, and rendered judgment accordingly.

The plaintiff testified as follows: "I was passing into the car, and there was an old catch, that is as sharp as a knife, and, in going in, my dress was cut on this catch." She described the catch as "a sort of a hook, and the edges were sharp. It was worn so that it was bright at the edges, and square looking. They were worn smooth." And she further described such edges as being "as sharp as a knife."

The plaintiff's sister, who entered the car with her, testified that, as she left the car, she looked at the catch; that "it was a very sharp catch, quite sharp"; and that "it was well worn." This is all the proof. there is tending to show that there was any defect about the catch in question at the time the accident took place. The plaintiff called as a witness the defendant's conductor, who was in charge of the car at the time of the accident, and examined him with respect to the car and the condition of the catch. He stated that it was a new car, and that the catch used upon it was of the same kind as that which was employed on the other cars operated by the defendant; that there was nothing wrong about it, but it was "just like all the rest." The defendant called as witnesses on its behalf the superintendent of the road, the general repair man, and also the conductor, who had been previously examined on behalf of the plaintiff, all of whom gave evidence tending to show that the catch in question was in good order, and that they knew of no better appliance for the purpose for which it was used than the one in question. Evidence was also given showing that each car on the line carried an average of 500 or 600 passengers per day, and that no accident of the kind described here had happened before upon the road.

We think that the case was properly disposed of by the trial justice. Assuming that, when the plaintiff closed her proofs, there was enough to make out a prima facie case in her favor,—which it is not necessary for us to decide,—still, after the defendant's evidence was in and the case closed, it was for the court, as the trior of the facts, upon a consideration of all of the proofs, to determine what the condition of the catch was, and whether it was such as to have made it the duty of the defendant, in the exercise of proper care, to discover and repair the defect. It certainly cannot be said that the case was one in which no issue of fact arose, and that the defendant was guilty of negligence as a matter of law. In rendering judgment for the defendant, the trial justice has found the facts in its favor, rightly, as we think, and the judgment will therefore not be disturbed.

Judgment affirmed, with costs.